UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KYM L. LOWMAN,
    *Plaintiff*,

v.

VERIZON D/B/A CELLCO PARTNERSHIP,
    *Defendant*.

No. 3:17-cv-01929 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Kym Lowman has filed this *pro se* lawsuit against defendant Verizon d/b/a/ Cellco Partnership alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. Her complaint also references a series of other causes of action such as retaliation and constructive discharge. Doc. #1 at 2. Because I conclude that the complaint does not allege facts that give rise to plausible grounds for relief or that give fair notice to defendant about what plaintiff believes defendant did wrong, I will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

To the extent that can be gleaned from plaintiff's complaint and amended complaint, plaintiff appears to allege that she was employed by Verizon and was terminated on March 13, 2017. Doc. #1 at 2. She alleges that this termination was in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. The complaint also lists a series of acts in addition to her termination that serve as the basis of her complaint, such as "constructive discharge," "harassment by third party," and "employees are targeted," among others. *Ibid.* The complaint

does not provide factual elaboration for any of these claims, but instead includes references to a "combatitive, [sic] and destructive process used by third party investigators" and to someone who "bragged of going to get a lot of money after interview at Verizon, phones tapped, I cyber bullied, cyber harassed." *Id.* at 3.

On December 18, plaintiff filed an amended complaint in which plaintiff attempted to add claims for equal pay and color discrimination. Unfortunately, the amended complaint does no more than the initial complaint to set forth a clear narrative of facts. By way of example, the first several lines of the amended complaint provide as follows:

> MS LOWMANS OFFERED SERVERANCE PACKAGE ENTERED INTO UNDER DURESS, AND MENTAL DEFECT. MS LOWMANS WAS TERRORIZED AND FOLLOWED TO MAKE HER QUIT. 45 EMMA STREET WEST HAVEN CT 06516 I SWHERE THERE WERE SERVERAL CARS AND CT PEST CONTROL TRUCKS DURING MS LOWMAN$ TIME BEINT TERROIZED THERE WAS A MEMBER OF THE UNITED STATE NAVY OR MARIENS THAT OCCUPIED THIS HOME, AFTER MS LOWMAN QUIT THE OCCUPANCNY OF TH IS HOME DECREASED. CT PEST CONTROL TRUCKS LEFT IN ADDITION TO THE BLONDES THAT OCCUPIED THIS HOME, WITH VEHICLES OOPERATING AS A LIMOUSINE SERVICE OUT OF TH IS HOME. MS LOWMAN WOULD SEE THESE LIMOSINES AS SHE WENT BACK AND FORTH FROM NORTH CAROLINA. IN NORTH CAROLINA AT 2017 FALL DRIVE UNIT F, A CECILIA BUEACHAMP DUCLOZ OFFERED WILMINGTON POLICE INFORMATION ON MS LOWMAN, DURING MS LOWMANS 1ST EEOC COMPLAINT, MS DUCLOZ MONITORED MS LOWMAN CAREFULLY FOLLOWING MS LOWMAN ON OCCASION.

Doc. #8 at 1. The amended complaint continues in a similar vein and includes allegations about cars following plaintiff, wiretapping in her home, and compromised bank accounts and IRS records.

### DISCUSSION

It is well established that "pro se complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of America.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing

special rules of solicitude for *pro se* litigants). Although the Court must accept as true all factual matters alleged in a complaint, a complaint may not survive unless its factual recitations state a claim to relief that is at least plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same).

This Court has authority to review and dismiss *sua sponte* a legally frivolous complaint or a complaint that fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (*per curiam*). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Dismissal of a complaint is generally reserved for those cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Plaintiff's complaint does not state a plausible claim for relief and appears to be frivolous. The facts alleged in the complaint and amended complaint are not coherent. Even with careful consideration, I am unable to decipher the nature of plaintiff's allegations or how they

relate to the defendant. Accordingly, I will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

The complaint (Doc. #1) and amended complaint (Doc. #8) are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 8 of the Federal Rules of Civil Procedure. Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is denied as moot. The Clerk of Court shall close this case.[*]

It is so ordered.

Dated at New Haven this 30th day of January 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[*] If plaintiff believes there are non-frivolous grounds for her to maintain a lawsuit against defendant, then she may file a motion to re-open this case within 30 days and should attach to this motion a new proposed complaint that sets forth in a reasonably clear and chronological manner the necessary factual allegations that would allow her to sustain a legal cause of action. It is not enough for plaintiff to complain that one or more laws were broken. Plaintiff must allege actual facts that occurred that show that the law was broken by a party whom she names as a defendant in the case.